IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| United States of America | |
| | CRIMINAL NO. 1:06-123 |
| v. | |
| | JURY INSTRUCTIONS |
| Martin Salazar, | |
| | |
| Defendant. | |

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case. These instructions will be in three parts; first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, i.e., what the government must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow that law whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudice or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return--that is a matter entirely for you to decide.

The indictment or formal charge against the defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all.

The government has the burden of proving the defendant is guilty beyond a reasonable doubt. And if it fails to prove the defendant is guilty, you must find the

defendant not guilty. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any reasonable doubt concerning the defendant's guilt.

Although the defendant has been indicted, you must remember that an indictment is only an accusation. It is not evidence. The defendant has pleaded not guilty to that indictment and the defendant is innocent until proven guilty.

As a result of the defendant’s plea of not guilty, the burden is on the prosecution to prove guilt beyond a reasonable doubt. It is never the burden for a defendant to prove himself innocent. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

The law presumes the defendant to be innocent of the charge against him. I therefore instruct you that the defendant is to be presumed by you to be innocent at this time and throughout your deliberations unless you, as a jury, are satisfied that the government has proven his guilt beyond a reasonable doubt.

The defendant began the trial here with a clean slate and a presumption of innocence which remains with him now even as I instruct you, and will continue with the defendant into your deliberations unless you are convinced that the government has proven his guilt beyond a reasonable doubt. If the government has failed to carry this burden, it would be your duty, under the oath that you took at the beginning of this case, to find the defendant not guilty.

## Evidence

The evidence from which you are to decide what the facts are consists of

(1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; and

(2) the exhibits which have been received into evidence.

During the trial several items were received into evidence as exhibits. These exhibits will be sent into the jury room with you when you begin to deliberate. Examine the exhibits if you think it would help you in your deliberations.

## Direct and Circumstantial Evidence

There are two kinds of evidence; direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection was sustained, you should disregard the question of the attorney. If the objection was overruled, treat the answer as any other.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## Credibility of Witnesses

In deciding what the facts are, you must consider all the evidence. In doing this, you

must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. In making that decision, you may take into account a number of factors including the following:

1. Was the witness able to see, or hear, or know the things about which that witness testified?

2. How well was the witness able to recall and describe those things?

3. What was the witness's manner while testifying?

4. Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

5. How reasonable was the witness's testimony considered in light of all the evidence in the case?

6. Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

These are some of the factors you may consider in deciding whether to believe testimony.

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

The defendant did not testify in this case. Under our Constitution, he has no

obligation to testify or to present any other evidence because it is the prosecution's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

This case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crime charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. If the defendant in any case is found guilty, the duty of imposing a sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the government has proved that the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

The defendant's job application, which was stamped as received by the Department of Energy on December 1, 1987, was admitted as Exhibit 1, absent the signature page. This exhibit was admitted as a business record but not as an admission by the defendant, and you should keep this fact in mind as you consider what weight to give this evidence.

* * *

With these preliminary instructions in mind, let us turn now to the specific charges against the defendant as contained in the indictment. I remind you that an indictment itself is not evidence. It merely describes the charge made against the defendant. It is an accusation. The defendant is innocent until proven guilty. It must not be considered by you as any evidence of the guilt of the defendant.

> **COUNT 1:** The grand jury charges that on or about July 28, 2003, Defendant knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in that during an interview being conducted for purposes of determining his continuing eligibility to work at the Department of Energy, Savannah River Site, as an engineer, he falsely claimed to have received a Bachelor of Science degree in engineering from California State University at Long Beach, in violation of Title 18, United States Code, Section 1001.
>
> **COUNT 2:** The grand jury further charges that on or about July 31, 2001, Defendant knowingly and willfully made and used a document knowing the same to contain false, fictitious, and fraudulent statements of material fact in that he submitted to the United States Department of Energy a Questionnaire for National Security Position on which he falsely stated that he was born in Nogales, Arizona, when he well knew he was born in Nogales, Mexico, in violation of Title 18, United States Code, Section 1001.

**COUNT 4:** The grand jury further charges that on or about August 26, 2005, Defendant knowingly and willfully made and used a document knowing the same to contain false, fictitious, and fraudulent statements of material fact in that he submitted to the United States Department of Energy an Application for Immediate Retirement on which he falsely stated that he was born on January 30, 1954, when he well knew he was born on January 30, 1958, and therefore was not eligible for retirement, in violation of Title 18, United States Code, Section 1001.

Count 3 is not before the court. It was dismissed and you should not speculate about the reason.

Counts 1, 2, and 4 each charges a violation of Title 18, United States Code, Section 1001. The elements of 18 U.S.C. § 1001 are:

1. On or about the date specified in the Indictment, the defendant made a statement or representation;

2. The statement or representation was false, fictitious or fraudulent;

3. The statement was material;

4. The false or fictitious or fraudulent statement was made unlawfully, knowingly, and willfully; and

5. The statement or representation was made in a matter within the jurisdiction of the executive branch of the government of the United States.

The first element that the government must prove is that the defendant made a statement or representation. In this regard, the government need not prove that the defendant physically made or otherwise personally prepared the statement in question. It is sufficient if he caused that statement charged in the indictment to have been made.

The second element which the government must prove is that the statement or representation was false, fictitious, or fraudulent. A statement, representation, or entry is "false," "fictitious," or “fraudulent” if untrue when made, and known at the time to be untrue by the person making it or causing it to be made.

The third element which the government must prove is that the statement be material. A statement is material if it has a natural tendency to influence, or is capable of influencing,

the decision-making body to which it was addressed. It is irrelevant whether the false statement actually influenced or affected the decision-making process of the agency or fact finding body.

The fourth element which the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully. An act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidently. An act is done willfully if it is done with an intention to do something the law forbids, that is to say, with a bad purpose to disobey the law. Now, the person need not be aware of the specific law or rule that his conduct is violating. But he must act with the intent to do something which the law forbids.

The fifth element which the government must prove is that the document, statement, or concealment was used with regard to a matter within the jurisdiction of the executive branch of the government of the United States. I charge you that the United States Department of Energy falls within the executive branch of the government of the United States. There is no requirement that the document or statement be actually directed to or given to the Department of Energy. All that is necessary is that you find that it was contemplated that the document or statement was to be utilized in a matter which was within the jurisdiction of the Department of Energy.

* * *

The first item of business when you retire to the jury room is the election of the foreperson of the jury. As foreperson, you will preside over the deliberations and speak for the jury here in court.

When you retire to the jury room, you should discuss the case with your fellow jurors to reach agreement if you can do so. Your verdicts must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not

change an honest belief about the weight and effect of the evidence simply to reach a verdict. In other words, do not change your opinion solely for the sake of reaching a unanimous verdict.

After you have reached unanimous agreement on your verdicts, your foreperson will fill in the forms that have been given to you, sign and date them and advise the marshal outside your door that you are ready to return to the courtroom.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.